UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE BROOKS,<br><br>    Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>    Defendant | Civil Action No. 15-00436 (CKK/GMH) |

MEMORANDUM OPINION
(January 7, 2019)

This case was referred to Magistrate Judge G. Michael Harvey for consideration of Plaintiff Andre Brooks' [23] Motion for Attorney's Fees and preparation of a Report and Recommendation pursuant to Local Civil Rule 72.3(a). *See* Order Referring Case to a Magistrate Judge, ECF No. 26. Plaintiff requested reimbursement of fees in the amount of $14,958.08, which was later amended to $14,140.89. After briefing on the fee motion was completed, Magistrate Judge Harvey held a hearing on the motion, followed by his order for additional briefing on certain issues relating to Plaintiff's counsel having been an Administrative Law Judge ("ALJ") prior to her representation of Plaintiff in this matter. In his [41] Report and Recommendation, Magistrate Judge Harvey recommended an award of fees in the reduced amount of $7,639.52, on grounds that because Plaintiff's attorney was a former ALJ who "participat[ed] as an adjudicator" in Plaintiff's administrative proceedings before the Social Security Administration, "to avoid the appearance of impropriety, fees accrued by her from the date on which she became aware that she had presided over part of Plaintiff's administrative case should not be recovered." Report and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill has been automatically substituted for Carolyn W. Colvin, whom the parties' pleadings name as Defendant.

1

Recommendation, ECF No. 41, at 2. Plaintiff Andre Brooks ("Plaintiff" or "Mr. Brooks") filed his [42] Objections to the Report and Recommendation, and those Objections are currently pending before this Court. Upon consideration of the pleadings,[2] relevant legal authorities, and the record in this case, the Court DENIES Plaintiff's objections and ADOPTS the Magistrate Judge's Report and Recommendation IN FULL, with the effect that Plaintiff's Motion for Attorney's Fees is GRANTED IN PART AND DENIED IN PART.

I. Procedural Background

Plaintiff Andre Brooks filed a Complaint in this Court pursuant to 42 U.S.C. §405(g), claiming his entitlement to Social Security disability benefits after being denied benefits at the administrative level. The case was referred by the undersigned to a Magistrate Judge for full case management. *See* Order, ECF No. 3. After the Administrative Record was filed, Plaintiff filed a motion for judgment of reversal and Defendant Social Security Administration ("Defendant" or "SSA") moved for a judgment of affirmance. Magistrate Judge Deborah A. Robinson issued a [26] Report and Recommendation recommending that the reversal be granted in part and the affirmance be denied and further, that the case be remanded to the SSA for further proceedings consistent

---

[2] The pleadings before this Court include: Pl.'s Mot. for Attorney's Fees Under the Equal Access to Justice Act, ECF No. 23; Def.'s Opp'n to Pl.'s Mot. for Attorney's Fees Under the Equal Access to Justice Act, ECF No. 24; Pl.'s Amendment and Reply to Def.'s Opp'n to Pl.'s Mot., ECF No. 25; Def.'s Supp. to her Opp'n, ECF No. 28; Pl.'s Reply in opposition to Def.'s Supp., ECF No. 30; Pl.'s Supp. Br. in Support of Petition for Attorney's Fees, ECF No. 34; Def.'s Supp. Br. in Support of Denying Pl's Request for Fees Under the Equal Access to Justice Act (EAJA), ECF No. 36; Pl.'s Reply to Def.'s Supp. Br., ECF No. 39; Def.'s Resp. to Pl.'s Reply to Def.'s Supp. Br., ECF No. 40; Report and Recommendation by Magistrate Judge G. Michael Harvey, ECF No. 41; Pl.'s Objections to the Report and Recommendation, ECF No. 42; Def.'s Resp. to Pl.'s Objections, ECF No. 45; and Pl.'s Reply to Def.'s Resp., ECF No. 46.

with her Report and Recommendation. Neither party objected to that Report and Recommendation, which was subsequently adopted in full by this Court. *See* Order, ECF No. 21; Mem. Op., ECF No. 22. This Court vacated the Commissioner's determination of equivalence at Step Three and remanded the matter back to the SSA for further proceedings on the applicability of Plaintiff's impairments under the appropriate listing. Plaintiff filed a subsequent motion for fees which was referred for resolution to Magistrate Judge Harvey. *See* Order, ECF No. 26.

Initially, Defendant challenged Plaintiff's Motion for Fees on grounds that the number of hours requested by Plaintiff was too high, and the total amount claimed was much higher than "the average EAJA [Equal Access to Justice Act] fee award in Social Security disability cases [,]" which is around $3,000-$4,000. Def.'s Opp'n to Pl.'s Mot. for Fees, ECF No. 24, at 2. In her Reply, Plaintiff explained that the hours billed in this case resulted from the "size and complexity of the factual record" and from the "appalling number of legal errors [that] had to be addressed." Pl.'s Amendment and Reply, ECF No. 25, at 9 (emphasis omitted). Plaintiff argued that because her attorney's contemporaneous time records were entitled to deference and there should be no *de facto* cap on fees, Plaintiff was entitled to reimbursement of all fees incurred. *Id.* at 3-7.

The issue at the crux of this Memorandum Opinion — Ms. Benagh's involvement in Plaintiff's case while she was an ALJ handling claims for social security benefits— was not raised in the initial round of briefing by the parties but was instead raised by Defendant in her supplement to her opposition. Defendant explained that "[a]lthough counsel for the Commissioner noted Ms. Benagh's involvement in the case as an ALJ in his brief (Dkt No. 17), he was unaware of the implications until recently when he attended ethics training,"

3

which prompted him to follow up by contacting his EAJA coordinator and the agency's representative sanctions coordinator. Def.'s Supp. to Opp'n, ECF No. 28, at 4. Defendant argued that, pursuant to 28 U.S.C. § 2412(d)(1)(A), "special circumstances" made any award of fees unjust because Plaintiff's counsel Christin Benagh violated the "lifetime representational restriction" set forth in 18 U.S.C. §207(a)(1), which is a conflict of interest statute. *See* Def.'s Supp. to Opp'n, ECF No. 28, at 1-2. Defendant elaborated that the administrative record in this case confirms that Ms. Benagh was acting as an ALJ when she held a brief hearing regarding Plaintiff's claims. *Id.* at 3; *see* Admin. Record, ECF No. 10 (containing a 14-page transcript of the November 15, 2012 oral hearing). While Ms. Benagh did not resolve any part of Plaintiff's claim, she did order a consultative physical examination before continuing the hearing. That second hearing was convened before a different ALJ, and Ms. Benagh had no further involvement in Plaintiff's case until she entered an appearance as counsel for Plaintiff about a week after he filed his *pro se* action in this case to appeal his denial of Social Security benefits. *See* Complaint, ECF No. 1; Notice of Appearance, ECF No. 5.

Responding to Defendant's Supplement, Plaintiff asserted that fees may not be denied because: (1) the fees belong to Plaintiff who was the prevailing party; (2) Defendant has no authority to enforce 18 U.S.C. Section 207; (3) Defendant's allegations should have been brought under the ABA Model Rules; (4) Defendant has not shown that, while she was an ALJ, Plaintiff's counsel "substantially" participated in Plaintiff's case insofar as she "made no decision, made no findings of fact, made no determination with respect to any level of the sequential evaluation process, made no recommendations, and had no contact" regarding Plaintiff's claim afterwards; and (5) Defendant has not shown that

Plaintiff's counsel had knowledge of her involvement in Plaintiff's case until such time as she was reviewing Defendant's motion for affirmance, and after she was on notice, counsel consulted a colleague to determine if it was an ethical violation to represent the Plaintiff in this matter and was told it was not. *See generally* Pl.'s Reply in Opp'n to Def.'s Supp., ECF No. 30. Magistrate Judge Harvey held a hearing on the fee motion, and subsequent to the hearing, he instructed the parties to provide supplemental briefing regarding the issue of Ms. Benagh's previous involvement, namely: (1) whether Defendant waived her objections to Ms. Benagh's conduct; (2) whether Mr. Benagh possessed knowledge under 18 U.S.C. Section 207(a)(1); and (3) whether Ms. Benagh was personally and substantially involved in Plaintiff's administrative hearing. *See generally* Pl.'s Supp. Br., ECF No. 34; Def.'s Supp. Br., ECF No. 36; Pl.'s Reply to Def.'s Supp. Br., ECF No. 39; and Def,'s Resp. to Pl.'s Reply, ECF No. 40.

In his Report and Recommendation, the Magistrate Judge found that Ms. Benagh's representation of Plaintiff was a conflict of interest, which constituted special circumstances making an award of attorney's fees unjust. The Magistrate Judge found no waiver by the Defendant of her objection to Ms. Benagh's representation of Plaintiff, and he concluded that "even if there [was] no clear violation of an ethical rule or statute, Ms. Benagh's conduct [was] sufficiently troubling to damage the 'integrity of the judicial and administrative process.'" Report and Recommendation, ECF No. 41, at 19. Accordingly, he concluded that this constituted "special circumstances" under EAJA, which weighed into the determination of legal fees, with the effect that Plaintiff should not recover fees incurred on and after Ms. Benagh became aware of the conflict.

Plaintiff timely objected to the Magistrate Judge's finding that "special circumstances" justified the reduction of the fee award, and Plaintiff's objections will be discussed in detail in Part III of this Memorandum Opinion. Defendant did not initially respond to the Plaintiff's objections until ordered by this Court to provide her position on Plaintiff's objections. In her response to Plaintiff's objections, Defendant indicated that "the Commissioner accepts Magistrate Judge Harvey's award," his "finding that additional fees are unwarranted," and his explanation that attorney misconduct "may constitute a special circumstance sufficient to reduce or deny a request for EAJA attorney's fees." Def.'s Resp. to Pl.'s Objections, ECF No. 45, at 1-2.

In reply, Plaintiff noted that Defendant has seemingly abandoned the claim that Ms. Benagh's representation violated 18 U.S.C. Section 207(a)(1) or D.C. Rules 1.11 and 1.12, and further, that the Magistrate Judge failed to mention that the Justice Department declined prosecution of Ms. Benagh, and the D.C. Bar permitted the representation, and accordingly, these determinations should have "precluded" the Magistrate Judge from finding a conflict of interest. Pl.'s Reply to Def.'s Resp., ECF No. 46, at 2-3.

II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.3 (b), once a Magistrate Judge has entered his recommended disposition, a party may file specific written objections. The district court must review de novo any motion for attorney's fees referred to a Magistrate Judge, where a party proffers an objection to the Report and Recommendation. *See Baylor v Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 947 (D.C. Cir. 2017); *see also* Local Civil Rule 72.3(c) ("A district judge shall make a de novo determination of those portions of a magistrate judge's findings and recommendations to

which objection is made. . .") The district court may "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3), Local Civil Rule 72.3(c).

III. Analysis

Under the EAJA, a court may award a plaintiff reasonable attorney's fees and expenses if he: (1) is the prevailing party; (2) has incurred fees or expenses; (3) the position of the United States in the action was not substantially justified; and (4) no special circumstances make an award of fees unjust. *See* 28 U.S.C. §§ 2412 (b), (d)(1)(A). While a plaintiff is entitled to a fee award if the above requirements are met, district courts are generally accorded "substantial discretion in fixing the amount of an EAJA award" and charged with ensuring that the final award is reasonable based on the evidence submitted. *Commissioner, INS v. Jean,* 496 U.S. 154, 163 (1990); *see also Okla. Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) ("[T]he determination of how much to trim from a claim for fees is committed to the [district] court's discretion."); *see generally Porter v. Astrue*, 999 F. Supp. 2d 35, 38 (D.D.C. 2013) (in analyzing an EAJA fee claim, the district court resolves the following issues, which involve some measure of discretion: (1) whether a cost-of-living adjustment is warranted; (2) the appropriate Consumer Price Index ("CPI") to use; (3) the correct cost-of-living measure; (4) the baseline for the CPI measurement; (5) the number of hours that ware reasonable; and (6) the costs involved.)

In the instant case, the Magistrate Judge's Report and Recommendation acknowledged that Plaintiff was the prevailing party who incurred fees and further noted that "Defendant ma[de] no argument that her position was substantially justified [.]" Report

and Recommendation, ECF No. 41, at 5-6. As previously noted, the Magistrate Judge did find however that there were "special circumstances" that justified a reduction in the amount of fees.

Plaintiff proffered five objections to the Magistrate Judge's findings in the Report and Recommendation: (1) the Magistrate Judge ignored the D.C. Bar Rules; (2) the Magistrate Judge has not established that there was any appearance of impropriety; (3) the Magistrate Judge erroneously relied on so-called attorney misconduct to reduce fees, but found no misconduct on the part of Ms. Benagh; (4) the Magistrate Judge's analysis ignored all misconduct by the Defendant is this proceeding; and (5) in the event that a portion of the reasonable fee cannot be paid to Ms. Benagh, Mr. Brooks asserts his ownership to the unpaid portion. *See* Pl.'s Objections, ECF No. 42. In his [46] Reply to the Defendant's Response to his Objections, Plaintiff paraphrased his five objections as follows: (1) Ms. Benagh was cleared of charges that she violated conflict of interest statutes and ethical rules; (2) Ms. Benagh's representation was permitted by D.C. Bar Ethics Opinion No. 315; (3) the Magistrate Judge improperly found that Ms. Benagh's prior participation had been substantial and she was guilty of a conflict of interest; (4) the Magistrate Judge failed to "balance the equities;" and (5) Plaintiff will be deprived of the attorneys fee that belongs to him. Each of the Plaintiff's objections [as set forth in his Objections and his Reply] will be addressed below and to the extent that such objections are duplicative, they will be consolidated.

As a preliminary matter, this Court notes that EAJA does not define the term "special circumstances" or provide examples of the circumstances that would make a fee award unjust. Courts have generally found that the "statutory language expresses a

8

congressional directive for courts 'to apply traditional equitable principles' in determining whether a prevailing party should receive a fee award under EAJA." *Air Transport Ass'n of Canada v. F.A.A.*, 156 F. 3d 1329, 1333 (D.C. Cir. 1998) (quoting *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983)). In determining the circumstances under which that exception applies, the scope of a district court's equitable powers is broad, *Brown v. Plat*, 563 U.S. 493, 538 (2011), and the equitable doctrine of "'unclean hands' pervades the jurisprudence of 'special circumstances' under EAJA." *Air Transport*, 156 F. 3d at 1333.

In his Report and Recommendation, the Magistrate Judge reasoned that "[a]ttorney misconduct can form the basis for a finding of unclean hands." Report and Recommendation, ECF No. 41, at 12 (citing several cases addressing various types of misconduct). He concluded further that the "special circumstances" exception under EAJA "acts in tandem with a court's inherent power to govern the practice of lawyers in litigation before it." Report and Recommendation, ECF No. 41, at 13 (citing *Abdelgalei v. U.S. Atty. Gen.*, 443 F. App'x 458, 463 (11th Cir. 2011) (quotation and internal quotation marks omitted)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (Within the inherent powers of federal courts is "the power to control admission to its bar and to discipline attorneys who appear before it.") Upon examining the record in this case, the Magistrate Judge determined that there was an "appearance of impropriety" when Ms. Benagh represented Plaintiff after serving as an ALJ when he brought his claim. The Magistrate Judge then applied the legal principles to the circumstances of this case to support his recommendation that the "special circumstances" exception should preclude the award of fees incurred by Ms. Benagh after she was on notice of her prior role as an ALJ in Plaintiff's case. Upon de novo review of the caselaw supporting the Magistrate Judge's analysis of

the interrelationship between this Court's governance of the practice of attorneys appearing before it and the imposition of the "special circumstances" exception under EAJA, this Court finds the underlying legal analysis to be sound.

Plaintiff's specific objections to the Magistrate Judge's findings are addressed below.

### A. Application of the D.C. Bar Rules and Conflict of Interest Statute [Objection No. 1, Reply [Objection] No. 1]

Prior to the Magistrate Judge's preparation of a Report and Recommendation, Defendant suggested that Plaintiff's counsel likely violated three provisions governing the conduct of former public employees —18 U.S.C. § 207 and Rules 1.11(a) and 1.12(a) of the District of Columbia Rules of Professional Conduct. Magistrate Judge Harvey cited to the statute and the Rules, and commented that:

> Thus, as relevant here, each of these rules prohibits a former public employee from accepting employment in a matter in which she "personally and substantially" participated while a public employee. Section 207(a) also includes an explicit knowledge component. A prime motivation behind each of these provisions is protection of "the integrity of the judicial and administrative process," *Kessenich*, 684 F.2d at 95, and avoidance of "both actual impropriety and the appearance of impropriety," D.C. Rules of Prof'l Conduct, Rule 1.11(a) cmt. 5; *see also United States v. Childress*, 731 F. Supp. 547, 549 n.3 (D.D.C. 1990) (indicating that Rule 1.11 (a) is concerned with appearance of impropriety).

Report and Recommendation, ECF No. 41, at 15. In her objections, Plaintiff argues that the Magistrate Judge misconstrued Rule 1.11 "to prohibit even *de minimis* acts by an ALJ" and he ignored the D.C. Bar Ethics Opinion 315, which explains the standard for assessing "substantial participation." Pl.'s Objections, ECF No. 42, at 9.

In response to Plaintiff's assertion that Ms. Benagh did not substantially participate in the Plaintiff's case before the SSA, the Magistrate Judge cited to the record of the hearing where Ms. Benagh served as an ALJ, as follows:

> The Administrative Record shows that on November 15, 2012, ALJ Benagh commenced an administrative hearing on Plaintiff's claim. AR 52. Plaintiff appeared with counsel; a vocational expert was also present. *Id.* ALJ Benagh noted that Plaintiff was "entitled . . . to an independent judge," which meant "that nobody could tell [her] how to decide [the] case." *Id.* She admitted certain records into evidence and began to take testimony from Plaintiff, noting that "the purpose of the hearing" was to take testimony that would then be "put together with the other evidence to make up the complete record [she would] consider in determining whether [Plaintiff was] disabled under the Social Security Act." *Id.* at 52, 55. Plaintiff testified about his seizure disorder, *id.* at 55-59, and ALJ Benagh asked Plaintiff's then-counsel about incidences of broken bones, suggesting that listing 1.06 was a proper standard under which to evaluate Plaintiff's claim, *id.* at 59-62. Stating that Plaintiff did not look like he was in "real great shape here," the ALJ ordered a consultative examination and x-rays on both legs, and adjourned the hearing after a total of 19 minutes. *Id.* at 50, 62, 64. The subsequent hearing and determination on Plaintiff's claim was completed by a different ALJ.

Report and Recommendation, ECF No. 41, at 15-16.

Addressing Plaintiff's reliance on the standards imposed by statute and/or under the rules of the D.C. Bar, this Court finds that such reliance is misplaced because Magistrate Judge Harvey did not base his decision on a violation of the statute or rules. The Magistrate Judge did not opine on whether Ms. Benagh "violated the letter of 18 U.S.C. § 207(a) or Rules of Professional Conduct 1.11(a) or 1.12(a);" instead, he focused on the "appearance of impropriety" created when Ms. Benagh acted as Plaintiff's counsel after "presid[ing] over a hearing during which she repeatedly indicated that she would be resolving Plaintiff's disability claim." Report and Recommendation, ECF No. 41, at 17. Ms. Benagh "took testimony from Plaintiff [and] had a vocational expert ready to testify [and even] suggested that his claim should be evaluated under listing 1.09." *Id.* She also ordered a consultative

11

examination "to further develop the record." *Id.* The Magistrate Judge concluded that Ms. Benagh "acted in a judicial capacity in administrative proceedings in SSA" prior to retiring and representing Plaintiff on his appeal of the unfavorable SSA decision. *Id.* at 17-18. Reviewing the actions taken by Ms. Benagh in her role as an ALJ, this Court finds that Ms. Benagh engaged in more than *de minimis* acts and acted in a judicial capacity during the administrative proceeding, prior to her representation of Plaintiff in the matter pending before this Court.

Furthermore, Plaintiff's assertion that she was cleared of charges that she violated section 207(a)(1) or rules 1.11 and 1.12 and her references to D.C. Bar Ethics Opinion 315 are not dispositive for the same reason. The focus herein is not specifically on a violation of a statute or rule but rather on an appearance of impropriety affecting the "integrity of the judicial and administrative process." *Kessenich v. Commodity Futures Trading Com'n.*, 684 F.2d 88, 95 (D.C. Cir. 1982). "Public confidence in judicial and quasi-judicial proceedings can best be maintained by steering clear of situations which call into question the regularity of the process." *Id.* at 98. Accordingly, Plaintiff's objection based on application of D.C. Bar Rules and the conflict of interest statute is denied.

B. <u>Establishing an Appearance of Impropriety [Objection No. 2, Reply [Objection] No. 2]</u>

Plaintiff's second objection to the Report and Recommendation alleges that the Magistrate Judge failed to establish that there was an appearance of impropriety. Encompassed within this second objection is Plaintiff's observation that her dual roles were not considered problematic, which is allegedly evidenced by the fact that the attorneys representing Defendant "all saw the Defendant's motion for affirmance, stating that Ms.

Benagh had prior involvement" but none of them "raised any concerns about the integrity of the administrative process or appearance of impropriety until January, 2017." Pl.'s Objections, ECF No. 42, at 15. At the same time however, Magistrate Judge Harvey noted that even after Ms. Benagh became aware of her prior involvement in the case and "became concerned enough to consult another former ALJ regarding the ethical implications of her representation of Plaintiff [,]" she failed to bring the possible conflict-of-interest to the attention of the court or opposing counsel. Report and Recommendation, ECF No. 41, at 18.

Regarding the crux of Plaintiff's second objection, Plaintiff concedes that the Magistrate Judge "could consider an appearance of impropriety" but in so doing, he was "obligated to apply the determinations of the Justice Department (which declined prosecution) and the opinions of the D.C. Bar (which permitted the representation)." Pl.'s Reply to Def's Resp., ECF No. 46, at 5. Plaintiff contends that his attorney's conduct was permitted by D.C. Bar Ethics Opinion 315 because Ms. Benagh's involvement with Mr. Brooks' claim while she was an ALJ did not entail "substantial participation" as that term is defined in Ethics Opinion 315. *Id.* at 3-4. This contention has been addressed and rejected in the previous subsection of this Opinion.

Plaintiff asserts that the Magistrate "believed Ms. Benagh had violated 18 U.S.C. § 207(a)(1) and the DC Bar Rules" and he "label[ed] her actions 'attorney misconduct.'" Pl.'s Objections, ECF No. 42, at 8 (citing ECF 41 at 11). Plaintiff's statement mischaracterizes the Report and Recommendation, which does not label Ms. Benagh's actions specifically as attorney misconduct, but which has a subsection labelled "attorney misconduct" explaining the interrelationship between the "special circumstances"

exception in EAJA and the equitable doctrine of "unclean hands," which may be based on attorney misconduct. The Magistrate Judge acknowledged that there may be "no clear violation of an ethical rule or statute," but he did find counsel's conduct "sufficiently troubling" insofar as it damaged the integrity of the administrative and judicial processes. Report and Recommendation, ECF. No. 41, at 19.

In concluding that there was an "appearance of impropriety" by Ms. Benagh, the Magistrate Judge focused on a decision by the United States Court of Appeals for the District of Columbia Circuit involving two consolidated petitions regarding the same Commodity Futures Trading Commission ("CFTC") decision, where the plaintiff moved to disqualify the other petitioner's attorney, who had not only previously worked as a lawyer for the CFTC but had reviewed plaintiff's agency complaint and determined whether it stated a complete and appropriate claim. *Kesssenich*, *supra.*, 684 F. 2d at 94. The attorney asserted that his duties were purely ministerial and further, he did not exercise discretion and was not privy to confidential information nor did he remember the case. *Id.* at 96. The motion to disqualify was granted upon reasoning that there was an "appearance of impropriety that has an impact beyond its effect on the immediate parties involved." *Id.* at 98. The Circuit Court did not suggest that the attorney had not acted with integrity and candor, but it found that employees [of the Commission] who exercised discretion in a case "should not later represent one of the parties in the same matter before the courts." *Id.* at 98. The Circuit Court concluded that "[t]he policy objectives of a federal statutory scheme may necessitate disqualification of a litigant's chosen counsel, even though no present evidence of impropriety exists." *Id.* at 99.

The Magistrate Judge applied similar reasoning in this case when he concluded that, even in the absence of a violation of the statute or the Rules of Professional Conduct, there was an appearance of impropriety based on the actions taken by Ms. Benagh while she was an ALJ charged with considering Plaintiff's disability claim. Analyzing the *Kessenich* decision, this Court agrees that it is instructive in providing support for a finding that there was an appearance of impropriety in this case where Ms. Benagh acted as an ALJ during an administrative hearing on Plaintiff's claim for benefits prior to acting as his counsel in this matter. Accordingly, this Court finds that Plaintiff's objection based on an alleged failure to establish an appearance of impropriety is denied.

C. Reliance on "so-called attorney misconduct" when no misconduct was found [Objection No. 3, Reply [Objection] No. 3]

Plaintiff contends that the Magistrate Judge erroneously relied on so-called attorney misconduct to reduce fees — which Plaintiff mischaracterizes as a sanction — but the Magistrate Judge found no misconduct on the part of Ms. Benagh.[3] This statement by Plaintiff acknowledges that the Magistrate Judge did not rely on a violation of statute or ethical rules, but instead, he determined there was an appearance of impropriety that warranted a reduction in fees. Plaintiff argues that the rationale set forth in the Report and Recommendation to justify a fee reduction is faulty because it relies upon cases that "speak only to the undisputed authority of the Court to govern practice and reduce fees for misconduct, or they address actual misconduct," and because there was no finding of misconduct in this case, there should have been no reduction of fees. Plaintiff proffers

---

[3] This Court finds it unnecessary to address Plaintiff's contentions about monetary "sanctions" as no monetary sanction was imposed in this case, but rather, there was a recommended reduction in the total fees awarded.

15

further that "[t]he Magistrate relied on *Kessenich*, but that was a disqualification case, providing no authority to impose sanctions." Pl.'s Objections, ECF No. 42, at 17. Plaintiff asserts generally that there is no precedent for reducing fees based on an "appearance of impropriety."

Plaintiff's assertion ignores that this Court has discretion in awarding reasonable fees. *See* 28 U.S.C. Section 2412 (b) (stating that "a court *may* award reasonable fees and expenses of attorneys . . ."); *see also Meyler v. Commissioner of Social Security*, Civ. No. 02-4669 (GEB), 2008 WL 2704831, *1-2 (D.N.J. 2008) (examining legislative history and explaining that the special circumstances exception "gives the court discretion to deny [fee] awards where equitable considerations dictate an award should not be made" and noting that "equitable principles may dictate that plaintiff's counsel's fees be partially reduced"); *see generally Role Models America, Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004) (addressing an award of legal fees under EAJA and the general discretion permitted a court in determining the appropriateness of fees in the context of the hours billed and rates employed by counsel and staff).

The Court finds that Plaintiff's third objection is without merit insofar as this Court has already explained that while Ms. Benagh may not have violated a statute or rule, there was an appearance of impropriety that gave rise to the special circumstances exception, which justifies a reduced fee award. Based on the circumstances of this case, where Ms. Benagh played more than a *de minimis* role as an ALJ on Plaintiff's claim, this Court finds that there was an appearance of impropriety, which constitutes special circumstances warranting a reduction in the fee award. Accordingly, Plaintiff's third objection to the Report and Recommendation is denied.

D. <u>Ignoring misconduct by the Defendant and failure to "balance the equities"</u> [Objection No. 4, Reply [Objection] No. 4]

Plaintiff argues that the Magistrate Judge ignored any misconduct by the Defendant which "more than counter-balanced any reduction of the EAJA fee for a 'appearance of impropriety.'" Pl.'s Reply, ECF No. 46, at 8. Plaintiff's proffered "equities" that weigh in his favor are as follows: (1) Defendant's position was not substantially justified; (2) Defendant was aware of Ms. Benagh's role as an ALJ for at least 11 months but delayed bringing its concerns to the attention of the Court or Ms. Benagh; (3) Defendant alleged that Ms. Benagh violated 18 U.S.C. Section 207(a)(1) and D.C. Bar Rule 1.11 and 1.12, and these allegations are non-meritorious; (4) Defendant's aforementioned allegations were motivated by bad intent; and (5) Defendant attempted to mislead the Court through misstatements of fact.

First, this Court need not address Plaintiff's contention that Defendant's position was not substantially justified as that factor was already conceded in the context of Plaintiff's entitlement to an award of fees. Second, at the time that the administrative record was filed in this case, both parties would have been on notice that Plaintiff's claim had been considered by Ms. Benagh in her capacity as an ALJ. Furthermore, Magistrate Judge Harvey noted that after Plaintiff's counsel became cognizant of this fact, she consulted with another ALJ to see if it raised an ethical violation, but she failed to raise this issue with either the Court or opposing counsel; therefore "equities: surrounding this issue do not necessarily favor the Plaintiff. The Court notes that if Plaintiff had raised this issue in a timely manner with the Court and opposing counsel, this issue might have been resolved at that time and the Defendant might have elected to waive its objection to the

17

representation. Third, Defendant's allegation that Plaintiff's counsel appeared to have engaged in some violation of the lifetime representation restriction — raised in Defendant's Supplement to her Opposition — was obviously not baseless on its face as it resulted in the Magistrate Judge ordering supplemental briefing after he held a motion's hearing. While he did not ultimately find a violation of the statute or the D.C. Bar Rules, he did find that there was an appearance of impropriety, and accordingly, the "equities" surrounding this issue do not favor the Plaintiff. Fourth, Plaintiff's sweeping allegations of Defendant's bad intent are unsupported by the record in this case.

Fifth, the facts underlying Plaintiff's allegation that Defendant attempted to "mislead" the Court were weighed by the Magistrate Judge when he made the following recommendation for a partial reduction as opposed to a complete denial of fees:

> SSA did not provide Ms. Benagh with a list of her cases when she left the agency, thus increasing the difficulty of detecting potential conflicts of interest. Moreover, once the conflict was spotted, the agency failed to address it prior to briefing on the fee petition; indeed, the agency was aware of Ms. Benagh's participation in this case as an ALJ for at least 11 months before it raised an objection. The undersigned credits Ms. Benagh's representation that she was unaware of the conflict until after she had filed her opening brief on the merits. The undersigned therefore recommends that Plaintiff recover fees for the work Ms. Benagh performed prior to that date — November 27, 2015 — when she learned of her prior participation in Plaintiff's case before SSA.

Report and Recommendation, ECF No. 41, at 20. Accordingly, Plaintiff's allegations that Defendant's "misconduct" was ignored and equities were not balanced is contradicted by the record in this case, and this Court denies Plaintiff's fourth objection to the Report and Recommendation.

    E. <u>Any unpaid portion of the attorney's fees belongs to Plaintiff [Objection No. 5, Reply [Objection] No.5]</u>

Plaintiff objects to any reduction in the fee award on grounds that "[n]othing done by Ms. Benagh lessens Mr. Brooks' entitlement to a reasonable legal fee." Pl.'s Objections, ECF No. 42, at 26. Accordingly, Plaintiff suggests that "[i]f the fee payable under the [fee] assignment w[as] to be reduced, the remainder belongs to, and must be paid to, Mr. Brooks by the terms of the Equal Access to Justice Act and *Ratcliff.*" *Id.* This Court notes that that the Supreme Court's decision in *Ratcliff* requires that any fee award be paid directly to a plaintiff to permit any necessary offset of debts owed to the federal government before such fee award is remitted to the plaintiff. *Astrue v. Ratcliff*, 560 U.S. 586 (2010). In this case, the Report and Recommendation recommends that "the fee award, subject to any applicable offset, be made payable to Plaintiff and sent to the business address of Plaintiff's counsel." Report and Recommendation, ECF No. 41, at 28; *see Skvorak v. Berryhill*, 264 F. Supp. 3d 12, 14-15 (D.D.C. 2017) (finding that it would not violate the Anti-Assignment Act to make the award payable to the claimant but mail it to his attorney, subject to any offset for government debt owed by the claimant).

Plaintiff's assertion that he is entitled to the entire attorney's fee amount even if his attorney is not so entitled is unworkable as it demands an award of all attorney's fees, to be paid to the Plaintiff —which would be a windfall of the amount not paid to the attorney — and it would remove any discretion by this Court to determine a reasonable fee under EAJA. Accordingly, Plaintiff's fifth objection to the Report and Recommendation is denied by this Court.

IV. Conclusion

This Court has concluded that Plaintiff's five objections to the Report and Recommendation should be DENIED and further, that there was an appearance of

19

impropriety by Plaintiff's counsel which constitutes "special circumstances" warranting a reduction of attorney's fees, namely, the exclusion of attorney's fees as of November 27, 2015, after Plaintiff's counsel learned of her prior participation in Plaintiff's case. That participation consisted of presiding over a hearing involving Plaintiff's claim for benefits in which she indicated that she would be the decisionmaker, admitted exhibits into evidence, took Plaintiff's testimony, asked questions of Plaintiff's counsel, discussed a possible basis for his disability under Listing 1.06, and ordered *sua sponte* an additional consultative examination and x-rays on both legs as possibly supporting his claim. When the hearing reconvened, another ALJ presided over Plaintiff's claim. Allowing Plaintiff a partial recovery of fees as opposed to disallowing all fees considers the circumstances and timing of Plaintiff's counsel becoming aware of her prior involvement in this case — even though she failed to notify the Court and opposing counsel of her concerns that this might be a conflict — and Defendant's failure to raise this issue earlier. The Magistrate Judge's determination of a reasonable rate and number of hours expended was not challenged by the Plaintiff. Accordingly, it is the opinion of this Court that the Report and Recommendation, ECF No. 41, should be ADOPTED IN FULL, with the effect that Plaintiff's Motion for Attorney's Fees should be GRANTED IN PART AND DENIED IN PART. Fees in the amount of $7,639.52, representing $7,536.34 for attorney time and $103.18 for paralegal time, should be awarded. This fee award, subject to any applicable offset, should be made payable to the Plaintiff and sent to the business address of Plaintiff's counsel. A separate Order accompanies this Memorandum Opinion.

DATED: January 7, 2019                  _____/s/_____
                                                        COLLEEN KOLLAR-KOTELLY
                                                        UNITED STATES DISTRICT JUDGE